NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KISASI DAVID LIGGINS, | No. 16-56124 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-10982-CJC-SP |
| v. | |
| LEROY D. BACA, Sheriff, individual and official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Kisasi David Liggins, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional claims arising from his pretrial detention at L.A. County Men's

Central Jail ("MCJ").  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Liggins's failure-to-protect claim because Liggins failed to raise a genuine dispute of material fact as to whether defendant Prestwich made an intentional decision to reassign Liggins's cell or caused Liggins's injuries. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (setting forth elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim).

The district court properly granted summary judgment on Liggins's claim against defendant Baca in his official capacity because Liggins failed to raise a triable dispute as to whether any policy or custom of MCJ caused Liggins to suffer constitutional injuries. *See id.* at 1073-76 (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *see also Monell*, 436 U.S. at 690 n.55 (official capacity suits are "another way of pleading an action against an entity of which an officer is an agent").

We reject as without merit Liggins's contentions that defendants failed to provide all relevant discovery.

We do not consider issues not properly raised before the district court, or arguments not raised in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

16-56124